**DLD-217**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2048
_____

DEVON KNOX,
                           Appellant

v.

JOHN DOE, Warden/Superintendent; JOHN DOE, Security Captain;
JOHN DOE, Unit Manager; JOHN DOE, C/O's Guards; BRITTON, Lieutenant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-11-cv-00135)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

Before: AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: July 12, 2012)
_____

OPINION
_____

PER CURIAM

        Devon Knox, an inmate at the Pennsylvania State Correctional facility at Dallas,

appeals pro se and in forma pauperis from the District Court's dismissal of his complaint.

For the reasons that follow, we will summarily affirm the District Court's order.

I.

In June 2011, Knox commenced a civil rights action under 42 U.S.C. § 1983 alleging that several unnamed prison employees acted with deliberate indifference towards his safety in violation of his Eighth Amendment rights. After Knox received permission to proceed in forma pauperis, the Magistrate Judge recommended that the complaint be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B), but granted Knox leave to amend the complaint. Knox filed an amended complaint that was subsequently dismissed by the District Court for failure to state a claim. The District Court denied Knox's motion for reconsideration on March 27, 2012. Knox timely filed a notice of appeal on April 11, 2012.

II.

We have jurisdiction under 28 U.S.C. § 1291. We will summarily affirm the District Court's judgment if the appeal presents no substantial question. See 3d Cir. LAR 27.4 and I.O.P. 10.6. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. "[A]

2

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (citing Twombly, 550 U.S. at 570).

Under the Eighth Amendment, prison officials "must take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation and citation omitted). Accordingly, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." Id. at 833 (citation omitted). To establish an Eighth Amendment failure to protect claim, a plaintiff must show that: (1) he is "incarcerated under conditions posing a substantial risk of serious harm" and (2) prison officials acted with "deliberate indifference to [his] health or safety." Id. at 834. Deliberate indifference is proven by showing that a prison official "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[D]eliberate indifference describes a state of mind more blameworthy than negligence." Id. at 835. Further, "a corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so." Smith v. Mensinger, 293 F.3d 641, 650 (3d Cir. 2002). "However, an officer is only liable if there is a realistic and reasonable opportunity to intervene." Id. at 651.

Knox alleged that he sent a request slip to a prison official in April 2009 stating that "someone in the jail" was going to hurt him. (Dkt. No. 1, ¶ 9.) Knox claimed that, in July 2009, he was attacked with a baseball bat by another inmate in the prison yard and

suffered severe head injuries. According to Knox, the attack occurred in the south prison yard after all the guards from the south yard left to attend to a disturbance in the north yard, leaving the south yard without any surveillance. He also alleged that all baseball bats were supposed to be chained and locked up in the yard. Finally, Knox alleged that, in March 2011, an officer told him "that he seen the video tape … and inmate John Doe singled out the Plaintiff, and struck him with a baseball bat as the officers watched … ." (Dkt. No. 1, ¶ 19.)

Knox claimed that several unnamed prison employees acted with deliberate indifference by failing to prevent the attack and by failing to intervene during the attack. With respect to failing to prevent the attack, Knox's complaint does not contain sufficient factual matter to state a claim for relief that is plausible on its face. Iqbal, 556 U.S. at 678. The facts, as alleged, fail to support a claim that the prison employees were aware of and disregarded any specific threat of harm prior to the attack.[1] Knox's complaint is only three-and-a-half pages long, and his "application to amend" adds another two-and-a-half pages. His allegations indicate that he warned prison officials of "threats" to his safety in only vague and speculative terms. He claims he sent a "request slip" to prison officials in April 2009 that stated: "I feel it is now best you place me in protected

---

[1] Assuming that there is an official policy to have all baseball bats chained and locked up in the yard, the alleged failure to do so is, at most, negligent, especially without any allegations that there were prior baseball bat attacks at the prison. Deliberate indifference requires "a state of mind more blameworthy than negligence." Farmer, 511 U.S. at 835.

4

custody due to the serious nature of threats on my life." (Dkt. No. 9, ¶¶ 27-32.). He also says that between April 2009 and July 2009 he wrote another request slip to the prison's superintendent "stating that I was in danger and would feel safer if I could move to CB with my cousin." (Dkt. No. 1, ¶ 12.). The "request slips" are two conclusory statements with no underlying facts. No evidence exists that Knox told prison officials which other prisoners were making the threats or why they were doing so. Prison officials could not have been deliberately indifferent in the absence of facts indicating a substantial risk of harm to Knox. See id. at 837 (prison officials must be "aware of facts from which the inference could be drawn that a substantial risk of harm exists" and "must also draw the inference").

Nor does Knox's complaint contain sufficient factual matter to state a claim for relief that is plausible on its face with respect to the prison employees' failure to intervene. Iqbal, 556 U.S. at 678. The facts alleged indicate that the prison guards were not present during the attack, having left to attend to a different part of the yard, and therefore they could not have intervened. And, even if the prison guards were present during the attack, no facts indicate that they had a "realistic and reasonable opportunity to intervene." Mensinger, 293 F.3d at 650. Knox alleged that, two years after the incident, another officer said that a video showed unidentified officers were present during the attack. "The plausibility standard … asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. Knox has not pleaded factual

5

content that would allow "the court to draw the reasonable inference" that the defendants are liable for failure to intervene.  Id.

### III.

The District Court properly denied Knox's motion for reconsideration and dismissed his amended complaint for failure to state a claim.  We will summarily affirm the order of the District Court because no substantial question is presented by this appeal. 3d Cir. LAR 27.4 and I.O.P. 10.6.